UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WRIGHT & FILIPPIS, INC.,                       United States District Court
                                               Case No.
                Plaintiff,                     Hon.

       v.

LINCARE INC.,                                  Case removed from:
                                               Oakland County Circuit Court
                Defendant.                     Case No. 15-149203-CB
_____/             Hon. Wendy Potts

## NOTICE OF REMOVAL

       Lincare Inc. ("Lincare"), by its attorneys, Pepper Hamilton LLP, files

this Notice of Removal of the above-captioned action from the Circuit Court for

the County of Oakland, State of Michigan, pursuant to 28 U.S.C. § 1441. In

support thereof, Lincare states as follows:

### BACKGROUND

       1.      On or about September 18, 2015, Plaintiff Wright & Filippis,

Inc. filed a Complaint in the Oakland County Circuit Court, Michigan, Case No.

2015-149203-CB.

       2.      On September 21, 2015, Lincare was served with a copy of the

Summons and Complaint.

       3.      A copy of the summons and complaint, which constitute all

process and pleadings received by Lincare in this action, are attached as Exhibit A.

4.     The Complaint relates to an Asset Purchase Agreement and several related agreements (the "Agreements") entered into between the Parties on or about June 30, 2014.

5.     The purpose of the Agreements as alleged by Plaintiff was, *inter alia*, to allow Plaintiff to refocus its business by selling certain assets to Lincare.

## GROUNDS FOR REMOVAL

6.     This notice of removal is being filed within 30 days after receiving notice of the complaint by service or otherwise as required by 28 U.S.C. § 1446(b). Jurisdiction is proper in the Court pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1332 (diversity of citizenship).

## DIVERSITY OF CITIZENSHIP

7.     This Court has jurisdiction over this case based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a).

8.     Plaintiff alleges that it is a Michigan corporation with its principal place of business in Rochester Hills, Michigan.

9.     Lincare is a Delaware corporation, with its principal place of business in Clearwater, Florida.

10.     Without admitting any liability or wrongdoing, or waiving or forfeiting any claims or defenses, affirmative or otherwise, Lincare states that the alleged amount in controversy exceeds $75,000.

11.     Plaintiff's Complaint contains six counts, the first of which is a breach of contract claim that, on its own, makes reference to at least $3,600,000 in alleged damages. *See,* Exhibit A, Complaint ¶¶ 15, 33-38.

## FEDERAL QUESTION

12.     Additionally and alternatively this action is properly removed to this court because the Complaint raises claims arising under the laws of the United States, specifically the Lanham Act, 15 U.S.C. § 1051 *et seq*. As such, this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

13.     A civil action of which a district court has original jurisdiction founded upon a claim or right arising under the laws of the United States shall be removable without regard to citizenship or residence of the parties. See 28 U.S.C. § 1441(b).

14.     Plaintiff raises claims of both federal trademark infringement and dilution under 15 U.S.C. § 1114(1) and 15 U.S.C. § 1125(c), respectively.

15.     In light of Plaintiff's federal trademark claims, this Court may properly exercise its supplemental jurisdiction under 28 U.S.C. § 1367(a) over

Plaintiff's related state law claims, because all of Plaintiff's allegations flow from events resulting from the Agreements entered into by the Parties.

**ALL OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED**

16.    Lincare is the only defendant in this action, thus all Defendants have consented to this removal and no Defendant has sought similar relief with respect to this matter.

17.    The prerequisites for removal under 28 U.S.C. § 1441 have been met.

18.    Written notice of the filing of this notice of removal will be given to the adverse parties as required by law.

19.    The allegations of this notice are true and correct and this cause is within the jurisdiction of the United States District Court for the Eastern District of Michigan.

20.    Defendant files this notice of removal and removes this civil action to the United States District Court for the Eastern District of Michigan. Plaintiff is notified to proceed no further in state court unless or until the case should be remanded by order of said United States District Court.

21.    A Notice of Filing of this Notice of Removal will be filed with the Oakland County Circuit Court, Michigan, contemporaneously with the filing of

this Notice of Removal in accordance with 28 U.S.C. § 1446(d). A copy of the

Notice of Filing of Notice of Removal is attached hereto as Exhibit B.

Respectfully submitted,

s/Brett Gelbord
MATTHEW J. LUND (P48632)
BRETT GELBORD (P79312)
PEPPER HAMILTON LLP
4000 Town Center, Suite 1800
Southfield, MI  48075
248.359.7300
*lundm@pepperlaw.com*
*gelbordb@pepperlaw.com*

Dated:  October 12, 2015                    *Attorneys for Defendant Lincare Inc.*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

WRIGHT & FILIPPIS, INC.,

        Plaintiff,

  v.

LINCARE INC.,

        Defendant.

_____/

United States District Court
Case No.
Hon.


Case removed from:
Oakland County Circuit Court
Case No. 15-149203-CB
Hon. Wendy Potts

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 12th day of October, 2015, a copy of the

foregoing Notice of Removal and this Certificate of Service were filed

electronically with the U.S. District Court, Eastern District of Michigan, and notice

will be sent by operation of the Court's electronic filing system to all ECF

participants, and notice will be sent via U.S. Mail, postage prepaid, to:

      Nicholas B. Gorga
      Honigman Miller Schwartz and Cohn LLP
      2290 First National Building
      660 Woodward Avenue
      Detroit, MI  48226

Respectfully submitted,


s/Brett Gelbord
MATTHEW J. LUND (P48632)
BRETT GELBORD (P79312)
PEPPER HAMILTON LLP
4000 Town Center, Suite 1800
Southfield, MI  48075
248.359.7300
*lundm@pepperlaw.com*
*gelbordb@pepperlaw.com*

*Attorneys for Defendant Lincare Inc.*

#35890636 v1 (999938.30031)

EXHIBIT A

This case has been designated as an eFiling case. To review a copy of the
Notice of Mandatory eFiling visit www.oakgov.com/clerkrod/efiling.

Approved, SCAO

| | Original - Court | 2nd copy - Plaintiff |
|---|---|---|
| | 1st copy - Defendant | 3rd copy - Return |

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>6th  JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT | CASE NO.<br>2015 - 149203    -CB |
|---|---|---|

| Court address | Court telephone no. |
|---|---|
| Courthouse Tower, 1200 N. Telegraph Rd., Dept. 404 Pontiac, MI 48341 | (248) 858-0582 |

| Plaintiff's name(s), address(es), and telephone no(s).<br>WRIGHT & FILIPPIS, INC., | v | Defendant's name(s), address(es), and telephone no(s).<br>LINCARE, INC., c.o The Registered Agent: The Corporation<br>Company<br>30600 Telegraph Road<br>Suite 2345<br>Bingham Farms, MI 48045 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>Nicholas B. Gorga (P72297)<br>Roger P. Meyers (P73255)<br>Honigman Miller Schwartz and Cohn LLP<br>660 Woodward Ave., Suite 2290<br>Detroit, MI 48226<br>(313) 465-7640 | | |

**SUMMONS**  NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons **to file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>SEP 18 2015 | This summons expires<br>DEC 18 2015 | Court clerk<br>Lisa Brown |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT**  *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*
☒ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains   ☐ is no longer   pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**
☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains   ☐ is no longer   pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>2845 Crooks Road<br>Rochester Hills, MI 48309 | Defendant(s) residence (include city, township, or village)<br>30600 Telegraph Road, Suite 2345<br>Bingham Farms, MI  48025 |
|---|---|
| Place where action arose or business conducted<br>Rochester, Michigan | |

| September 18, 2015 | /s/ Nicholas B. Gorga | |
|---|---|---|
| Date | Signature of attorney/plaintiff | (P72297) |

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01  (5/15)  **SUMMONS AND COMPLAINT**   MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

Received for Filing Oakland County Clerk 2015 SEP 18 PM 04:21

| **PROOF OF SERVICE** | **SUMMONS AND COMPLAINT**<br>Case No. 2015 - 149203    -CB |
|---|---|

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ **OFFICER CERTIFICATE** | **OR** | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:     (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that:     (notarization required) |

☐ I served personally a copy of the summons and complaint,
☒ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,
together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee<br>$ | Miles traveled | Mileage fee<br>$ | Total fee<br>$ |
|---|---|---|---|

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____ , _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                    Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

on behalf of _____ .

_____
Signature

This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/clerkrod/efiling.

Original – Court

| STATE OF MICHIGAN<br>6TH JUDICIAL CIRCUIT<br>COUNTY OF OAKLAND | NOTICE OF ASSIGNMENT TO THE<br>BUSINESS COURT | CASE NO.<br>2015 - 149203      -CB |
|---|---|---|

Court address
1200 N Telegraph Rd     Pontiac, MI  48341

Court telephone no.
248-858-0345

| Plaintiff's name(s), address(es), and telephone number(s) | | Defendant's name(s), address(es), and telephone number(s)<br>LINCARE, INC., c/o The Registered Agent: The Corporation Company<br>30600 Telegraph Road<br>Suite 2345<br>Bingham Farms, MI 48045 |
|---|---|---|
| Plaintiff's attorney, bar no., address, telephone no., and email address<br>Nicholas B. Gorga  P72297<br>Honigman Miller Schwartz and Cohn LLP<br>660 Woodward Ave., Suite 2290<br>Detroit, MI 48226<br>(313) 465-7640, ngorga@honigman.com | v | Defendant's attorney, bar no., address, telephone no., and email address |

The [X] Plaintiff [ ] Defendant   requests assignment of the above captioned matter to the Business Court. The case qualifies for the Business Court and the matter should be identified as Business Court eligible pursuant to MCL 600.8031, MCL 600.8035, and LAO 2013-xx as indicated below. (Check all that apply.)

The case is a qualifying business or commercial dispute as defined at MCL 600.8031(c):  as

[X] All of the parties are business enterprises;

[ ] One or more of the parties is a business enterprise and the other parties are its or their present or former owners, managers shareholders, members, directors, officers, agents, employees, suppliers, or competitors, and the claims arise out of those relationships;

[ ] One of the parties is a nonprofit organization and the claims arise out of that party's organizational structure, governance, or finances;

[ ] It involves the sale, merger, purchase, combination, dissolution, liquidation, structure, governance, or finances of a business enterprise.

The business or commercial dispute involves:

[ ] Information technology, software, or website development, maintenance or hosting;

[ ] The internal organization of business entities and the rights or obligations of shareholders, partners, members, owners, officers, directors, or managers;

[X] Contractual agreements or other business dealing, including licensing, trade secrets, intellectual property, antitrust issues, securities, non-compete agreements, non-solicitation agreements, and confidentiality agreements, if all available administrative remedies are completely exhausted, including, but not limited to alternative dispute resolution processes prescribed in the agreements;

[ ] Commercial transactions, including commercial bank transactions;

[ ] Business or commercial insurance policies; and/or

[ ] Commercial real property.

[ ] Other:(Please explain)

| September 18, 2015 | /s/ Nicholas B. Gorga |
|---|---|
| Date | Name |
| | Attorney for:  Plaintiff |

OCBC 01 (05/13) **NOTICE OF ASSIGNMENT TO THE BUSINESS COURT**

Received for Filing Oakland County Clerk 2015 SEP 18 PM 04:21

This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/clerkrod/efiling.

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

WRIGHT & FILIPPIS, INC.,

      Plaintiff,

v.

LINCARE, INC.

      Defendant.

Case No. 2015-    -CB

Hon.   **2015-149203-CB**
       **JUDGE POTTS**

HONIGMAN MILLER SCHWARTZ AND COHN LLP
Attorneys for Plaintiff
By: Nicholas B. Gorga (P72297)
    Roger P. Meyers (P73255)
    Andrew M. Pauwels (P79167)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
(313) 465-7640
ngorga@honigman.com

Received for Filing Oakland County Clerk 2015 SEP 18 PM 03:18

## COMPLAINT AND DEMAND FOR JURY TRIAL

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.

/s/ Nicholas B. Gorga (P72297)
Nicholas B. Gorga (P72297)

This case meets the statutory requirements to be assigned to the **Business Court**.

/s/ Nicholas B. Gorga (P72297)
Nicholas B. Gorga (P72297)

ACTIVE.19059226.1

Plaintiff Wright & Filippis, Inc. ("W&F"), by its attorneys Honigman Miller Schwartz and Cohn LLP and for its Complaint against Defendant Lincare, Inc. ("Lincare"), states:

## INTRODUCTION

1.     W&F was formed in 1944 to help persons with disabilities by providing prosthetics, orthotics, and other healthcare-related products. Over the next 70 years, it grew into one of the nation's leading family-owned home healthcare providers. Along the way, it expanded into a variety of business lines including mobility, accessibility, complex rehabilitation, sleep therapy, respiratory, and durable medical equipment.

2.     Since its inception, W&F has expended significant effort and resources to associate its name with the medical supply services it provides. Because of this effort, the name Wright & Filippis has become virtually synonymous to consumers and to the entire medical supply community with top-quality medical supply services. As a result, W&F holds the federally registered and incontestable service mark WRIGHT & FILIPPIS®, USPTO Registration Number 3,212,122. (Exhibit 1.)

3.     Over the past few years, as the Centers for Medicare and Medicaid Services moved to a cost-cutting competitive bidding process, the durable medical equipment industry has gone into turmoil. Small and mid-sized companies, unable to compete with large national players on price, have been forced to consolidate or shut their doors.

4.     In 2014, W&F made the difficult decision to go back to its clinical roots rather than keep fighting against that commoditization. It re-focused its strategic direction on four core business areas: prosthetics, orthotics, complex mobility and accessibility products. It sold its sleep therapy, respiratory, and durable medical equipment service lines (the "Business") to Lincare, a nationwide provider of oxygen and respiratory services.

Received for Filing Oakland County Clerk 2015 SEP 18 PM 03:18

2

5.     Within just one year, however, Lincare already has broken numerous of its contractual promises to W&F, has wrongfully withheld millions of dollars owed for the Business, and has soiled W&F's reputation.

## PARTIES, JURISDICTION AND VENUE

6.     W&F is a Michigan corporation.  Its principal place of business is located in Rochester Hills, Michigan.

7.     Lincare is a Delaware corporation.  Its principal place of business is located in Clearwater, Florida.

8.     The amount in controversy exceeds $25,000, exclusive of interest and costs.

9.     This Court has personal jurisdiction over this matter because this action arises out of Lincare's conduct of business in Michigan.  In addition, Lincare expressly has consented to personal jurisdiction in Michigan.

10.     Venue is proper in this Court because Lincare conducts business in Oakland County and has a place of business in Oakland County, and because this case involves a business dispute as defined in MCL 600.8031.  In addition, Lincare expressly has consented to venue in this Court.

## FACTUAL BACKGROUND

11.     W&F sold the Business to Lincare pursuant to an Asset Purchase Agreement (the "Purchase Agreement") effective June 30, 2014 (the "Closing Date").  A copy of the Purchase Agreement is in Lincare's possession.

12.     Following the closing of the transaction, Lincare was expected to and did continue the operations of the Business in various patient-facing locations throughout Michigan.  To facilitate that continuation, W&F entered into numerous lease, sublease, and license agreements

Received for Filing Oakland County Clerk 2015 SEP 18 PM 03:18

3

ACTIVE.19059226.1

Received for Filing Oakland County Clerk 2015 SEP 18 PM 03:18

for various properties in Michigan.   Copies of each of these agreements are in Lincare's possession.

13.    Each of the Subleases—five in total—required Lincare at its "sole cost and expense" to construct improvements and renovations separating the sublet portion of the premises from the remainder of the premises.  (Subleases ¶ 3 and accompanying architectural plans.)  The improvements and renovations were to be completed "as soon as practicable" and in any event by the later of 180 days from the Subleases' effective dates or 90 days of the master lessor's approval of the plans.  (*Id.*)

14.    In addition, for a period of one year following the closing of the transaction, Lincare was expected to and did continue operating the Business in Michigan using certain Wright & Filippis tradenames and trademarks, including the "Wright & Filippis Respiratory" tradename based on the registered WRIGHT & FILIPPIS® trademark (the "Marks").  To that end, W&F and Lincare entered into a Trademark License Agreement (the "Trademark Agreement") effective June 30, 2014 (the "Closing Date").  A copy of the Trademark Agreement is in Lincare's possession.

15.    Under the Purchase Agreement, only a portion of the purchase price was paid at the time of closing the transaction.  Substantial additional payments were to be made upon the achievement of certain milestones:

> a.  The Purchase Agreement requires Lincare to make a payment of $1,100,000 (the "Holdback Payment") twelve months after the Closing Date, on or about June 30, 2015.  (Purchase Agreement § 3.1(c).)
>
> b.  The Purchase Agreement requires Lincare to make payments according to Exhibit 3.2 of the Purchase Agreement (the "Provider Holdback

4

ACTIVE.19059226.1

Payments") within 10 days of Lincare receiving an assignment or entering into a new contract with listed third-party payors.  (Purchase Agreement § 3.2.)

    c.  The Purchase Agreement requires Lincare to make a payment of up to $2,500,000 (the "Earn-Out Payment") within 120 days of the Closing Date, based on net revenue attributable to the assignment of an agreement with Northwood, Inc. (Purchase Agreement § 3.3.)

16.    The Purchase Agreement also imposes numerous post-closing obligations on Lincare.  As relevant here, Lincare was required to:

    a.  Cooperate in good faith with W&F and use reasonable efforts to obtain, within 180 days of the Closing Date, assignments of existing provider contracts or to enter into new contracts.  (Purchase Agreement § 3.2.)

    b.  Provide a detailed calculation of the revenue used to determine the Earn-Out Payment.  (Purchase Agreement § 3.3(d).)

    c.  For a period of 11 months after the Closing Date, within ten days of the end of each month, provide W&F with a list of all rental stationary oxygen systems ("Oxygen Units") billed by Lincare in the preceding month.  (Purchase Agreement § 4.6(e)(i).)

    d.  For a period of 11 months after the Closing Date, within ten days of the end of each month, provide W&F with a list of all CPAP Units billed by Lincare in the preceding month. (Purchase Agreement § 4.6(e)(ii).)

ACTIVE.19059226.1

Received for Filing Oakland County Clerk 2015 SEP 18 PM 03:18

Received for Filing Oakland County Clerk 2015 SEP 18 PM 03:18

17.    The Trademark Agreement likewise imposed various ongoing obligations on Lincare. In particular, Lincare agreed that it would not "dilute or otherwise misuse the Marks, or bring them into disrepute." (Trademark Agreement § 5.2.)

18.    Lincare also acknowledged the "great value of the publicity and goodwill associated with the Marks" and agreed that it would not "knowingly in any way do or cause to be done any act or thing . . . in any way impairing" W&F's interest in the Marks. (Trademark Agreement § 5.3.)

19.    Lincare further agreed that it would not "use the name of W&F in its business or affairs" except as permitted under the Trademark Agreement and that, upon termination, all rights in the Marks would revert to W&F. (Trademark Agreement §§ 5.1 and 9.)

20.    Among other things, the foregoing post-closing obligations in the Purchase Agreement and Trademark Agreement were meant to ensure an orderly transition of the Business, to ensure the full and complete payment of the purchase price, and to protect the reputation, goodwill, and value of W&F and its Marks.

21.    Following the Closing Date, however, Lincare breached the Purchase Agreement, the Subleases, and the Trademark Agreement in numerous ways, including without limitation the following enumerated breaches.

22.    First, Lincare entered into four assignments of contracts or new contracts with respect to payors for whom Provider Holdback Payments were due; but failed within ten days, or at any time thereafter, to remit to W&F the requisite Provider Holdback Payments.

23.    Second, Lincare failed to make the Holdback Payment when due on June 30, 2015. Lincare instead asserted vague and baseless "set offs" under the Purchase Agreement that coincidentally wipe out the Holdback Payment.

6

ACTIVE.19059226.1

Received for Filing Oakland County Clerk 2015 SEP 18 PM 03:18

24. Third, Lincare anticipatorily has breached its obligation to make the Earn-Out Payment when timely due on October 28, 2015. When W&F demanded assurances of compliance, following Lincare's specious claim of "set off," Lincare stated merely that it would investigate to determine "if" payments are due and thereafter has failed to provide any assurance that it will make the payment when due.

25. Fourth, Lincare failed to provide the vast majority of the monthly billing lists for Oxygen Units and CPAP Units as required under the Purchase Agreement. Despite that Lincare had an affirmative and unconditional obligation to provide those reports within ten days of the end of each month, Lincare actually provided only two reports—and those only after W&F made repeated requests for them.

26. Fifth, Lincare failed timely to complete the improvements and renovations in four of the five subleased properties, forcing W&F to do that work itself at its own expense. This failure impaired in-person customer service of patients in these locations and thereby negatively impacted W&F's reputation, referral base, and patient base, and has diluted and brought its Marks into disrepute.

27. Sixth, Lincare failed to adequately service patients of the Business. In particular, it failed to provide adequate telephone support, thus causing long wait times and angry patients. It also failed initially to have night call support, thus causing patients to call 911 for medical support. These failures have negatively impacted W&F's reputation, referral base, and patient base, and have diluted and brought its Marks into disrepute.

28. Seventh, Lincare negligently or intentionally failed adequately to invoice and collect for services provided and delayed resubmission of rejected payments. It then used the diminished billings as a trumped-up justification to assert a meritless setoff and, on that basis,

7

ACTIVE.19059226.1

refuse to pay the Holdback Payment. These failures also have diminished the revenue that otherwise would have been attributable to the Earn-Out Payment. They also have negatively impacted W&F's reputation, referral base, and patient base, and have diluted and brought its Marks into disrepute.

29.    The License Agreements, Subleases, and Trademark Agreement expired on or about June 30, 2015. Due to Lincare's numerous breaches detailed above, W&F notified Lincare in writing on August 14, 2015, August 17, 2015, and August 26, 2015 (respectively) to quit the licenses and subleased premises and to cease all use of the Marks.

30.    Notwithstanding those notices, Lincare has failed to stop using the Marks. For example, Lincare continues to display the Marks on buildings, doors, and vehicles. Its telephone operators answer ". . . formerly Wright & Filippis Respiratory." And it continues to file claims for reimbursement using the Marks.

31.    Lincare's pervasive breaches of the Purchase Agreement, Trademark Agreement, and Subleases have caused millions of dollars in damages to W&F. Specifically, W&F has been deprived of the Holdback Payment and the Provider Holdback Payments, and it reasonably expects to be deprived of the Earn-Out Payment. W&F's Marks also have been diluted and devalued by Lincare's poor service and billing deficiencies. Further, W&F has incurred substantial costs attempting to mitigate Lincare's contractual breaches and its impairment of W&F's Marks, including without limitation by providing telephone operators and servicing patients of the Business long after Lincare acquired it, completing at its own cost property improvements Lincare should have made, and even providing uncompensated billing support directly to Lincare.

8

ACTIVE.19059226.1

Received for Filing Oakland County Clerk 2015 SEP 18 PM 03:18

32.     In addition, Lincare's continued wrongful use and infringement of W&F's Marks since the termination of the Trademark Agreement is inflicting irreparable harm on W&F.

### COUNT I – BREACH OF CONTRACT – PURCHASE AGREEMENT

33.     W&F incorporates by reference the allegations set forth in Paragraphs 1 through 32, above.

34.     The Purchase Agreement is a valid, enforceable contract.

35.     Under the Purchase Agreement, Lincare was obligated to pay to W&F the Holdback Payment, to pay to W&F the Provider Holdback Payment for all specified payors with whom it did obtain contractual assignments or new contracts, to use reasonable efforts to obtain contractual assignments or new contracts with the remaining specified payors, to provide monthly lists of all Oxygen Units and CPAP units billed, and to pay to W&F the Earn-Out Payment and provide a detailed calculation of revenue used to determine that payment.

36.     Lincare has breached each of the foregoing obligations by failing to perform them at the times they were due or, in the case of the Earn-Out Payment, has anticipatorily breached by demonstrating a clear and unequivocal unwillingness to perform.

37.     There are no unsatisfied conditions precedent to the performance of Lincare's obligations under the Purchase Agreement.

38.     As a direct and proximate result of Lincare's breaches, W&F has been damaged in an amount to be proven at trial.

### COUNT II – BREACH OF CONTRACT – TRADEMARK AGREEMENT

39.     W&F incorporates by reference the allegations set forth in Paragraphs 1 through 38, above.

40.     The Trademark Agreement is a valid, enforceable contract.

9

ACTIVE.19059226.1

Received for Filing Oakland County Clerk 2015 SEP 18 PM 03:18

41.    Under the Trademark Agreement, Lincare was obligated not to "dilute or otherwise misuse the Marks, or bring them into disrepute" and not to "knowingly in any way do or cause to be done any act or thing . . . in any way impairing" W&F's interest in the Marks. Lincare also was obligated to cease all use of the Marks upon termination of the Trademark Agreement.

42.    Lincare has breached each of the foregoing obligations by failing timely to complete the improvements and renovations in four of the five subleased properties, failing adequately to service the customers of the Business, failing adequately to invoice and collect for services provided, and delaying resubmission of rejected payments, all while operating publicly under the Marks.  Lincare also continues to use the Marks without authorization or right, including by displaying the Marks on buildings, doors, and vehicles, having its telephone operators answer ". . . formerly Wright & Filippis Respiratory," and continuing to file claims for reimbursement using the Marks.

43.    Lincare's breaches have infringed, diluted, devalued and impaired the Marks and brought them into disrepute.

44.    There are no unsatisfied conditions precedent to the performance of Lincare's obligations under the Trademark Agreement.

45.    As a direct and proximate result of Lincare's breaches, W&F has been damaged in an amount to be proven at trial.  W&F also is entitled to immediate and permanent injunctive relief under the Trademark Agreement.

## COUNT III – BREACH OF CONTRACT – SUBLEASES

46.    W&F incorporates by reference the allegations set forth in Paragraphs 1 through 45, above.

47.    The Subleases are valid and enforceable agreements.

10

ACTIVE.19059226.1

48.   Under the Subleases, Lincare was obligated timely to complete improvements and renovations in the subleased properties.

49.   Lincare breached those obligations by failing timely to complete those improvements and renovations in several of the subleased properties, forcing W&F to complete them at its own expense.

50.   There are no unsatisfied conditions precedent to the performance of Lincare's obligations under the Subleases.

51.   As a direct and proximate result of Lincare's breaches, W&F has been damaged in an amount to be proven at trial.

## COUNT IV – UNJUST ENRICHMENT

52.   W&F incorporates by reference the allegations set forth in Paragraphs 1 through 51, above.

53.   In addition, despite having no contractual obligation to do so—but out of necessity to protect its reputation, its goodwill, and its interests under the Purchase Agreement—W&F conferred a substantial benefit on Lincare by providing telephone operators and servicing patients of the Business long after Lincare acquired it, by completing the property improvements that Lincare should have completed, and even providing uncompensated billing support directly to Lincare.

54.   Lincare has retained that benefit and has unjustifiably and inequitably failed to compensate W&F for it.

ACTIVE.19059226.1

Received for Filing Oakland County Clerk 2015 SEP 18 PM 03:18

## COUNT V – FEDERAL TRADEMARK DIRECT INFRINGEMENT

55.     W&F incorporates by reference the allegations set forth in Paragraphs 1 through 54, above.

56.     Due to W&F's expenditure of significant effort and resources, the name Wright & Filippis has become synonymous with the provision of top quality medical products and support services. Its service mark registration for WRIGHT & FILIPPIS®, USPTO Registration Number 3,212,122 is incontestable and is a presumptively strong mark that has acquired secondary meaning.

57.     Although Lincare was for a time authorized to use the Marks according to the terms of the Trademark Agreement, the Trademark Agreement expired on or about June 30, 2015, and W&F notified Lincare soon after to cease using the Marks.

58.     Nevertheless, Lincare has continued to associate the Marks with the sale, offer for sale, and advertising of its products and services, including by displaying the Marks on buildings, doors, and vehicles, having its telephone operators answer ". . . formerly Wright & Filippis Respiratory," and continuing to file claims for reimbursement using the Marks. Lincare's conduct is likely to confuse, deceive and/or cause mistake among consumers and therefore is infringing W&F's rights in the Marks in violation of 15 U.S.C. § 1114(1).

59.     W&F has no adequate remedy at law for Lincare's infringement because: (i) the Marks are unique and valuable property, injury to which cannot adequately be compensated by monetary damages; (ii) the damages to W&F resulting from the infringement are not precisely and fully ascertainable; (iii) the infringement injures and threatens to continue to injure W&F's reputation and goodwill; and (iv) the damage to W&F from Lincare's wrongful conduct, and the

Received for Filing Oakland County Clerk 2015 SEP 18 PM 03:18

12

ACTIVE.19059226.1

conduct itself, are continuing and will continue during the pendency of this action and thereafter, unless enjoined.

60.    W&F is further entitled to recover damages sustained in consequence of Lincare's wrongful conduct in an amount to be determined, to recover Lincare's profits, and to recover W&F's attorney fees and other costs sustained herein. Based on the circumstances of the case, including the willful nature of Lincare's conduct, W&F is further entitled to recover treble the amount found as actual damages pursuant to 15 U.S.C. § 1117.

### COUNT VI – FEDERAL TRADEMARK – DILUTION

61.    W&F incorporates by reference the allegations set forth in Paragraphs 1 through 60, above.

62.    As a result of W&F's long term and widespread use of the Marks throughout the United States via advertising, consumer recognition and media coverage, the Marks enjoy a high degree of recognition and have been and continue to be "famous" marks as that term is defined in The Federal Trademark Dilution Act, 15 U.S.C. § 1125(c).

63.    Lincare has made and continues to make commercial use of the Marks in a manner that causes dilution of the distinctive quality of the Marks and lessens the capacity of the Marks to identify and distinguish W&F's medical supply services.

64.    W&F has no adequate remedy at law for Lincare's dilution because: (i) the Marks are unique and valuable property, injury to which cannot adequately be compensated by monetary damages; (ii) the damages to W&F resulting from the dilution are not precisely and fully ascertainable; (iii) the dilution injures and threatens to continue to injure W&F's reputation and goodwill; and (iv) the damage to W&F from Lincare's wrongful conduct, and the conduct

Received for Filing Oakland County Clerk 2015 SEP 18 PM 03:18

13

itself, are continuing and will continue during the pendency of this action and thereafter, unless enjoined.

65.    Lincare has willfully intended to cause dilution of the Marks.  W&F is therefore entitled pursuant to 15 U.S.C. §§ 1117 and 1125(c)(2) also to recover all damages sustained as a result of Lincare's unlawful conduct, including Lincare's profits, W&F's damages, costs, and reasonable attorney fees.

**WHEREFORE**, W&F respectfully requests that this Court:

A.    Enter judgment in its favor and against Lincare in an amount to be determined at trial, together with interest, statutory interest, costs and attorney fees;

B.    Grant W&F preliminary and permanent injunctive relief in the form of an order prohibiting Lincare and its officers, partners, agents, subcontractors, servants, employees, subsidiaries and related companies or entities, and all others acting in concert or participating with it from directly or indirectly selling, offering for sale, distributing, or advertising any products or equipment or other goods or services by use of the Marks and/or terms confusingly similar thereto which is likely to cause consumer confusion, mistake, or deception with respect to the Marks;

C.    Order Lincare to account to W&F for any and all profits derived by it from its illegal acts complained of herein pursuant to 15 U.S.C. § 1117;

D.    Grant W&F all damages resulting from the acts alleged herein and treble those damages based on W&F's acts of willful trademark infringement and willful trademark dilution pursuant to 15 U.S.C. § 1117;

Received for Filing Oakland County Clerk 2015 SEP 18 PM 03:18

14

Received for Filing Oakland County Clerk 2015 SEP 18 PM 03:18

E.    Order Lincare to deliver for destruction all labels, signs, prints, packages, wrappers, receptacles, and advertisements in its possession bearing the Marks pursuant to 15 U.S.C. § 1118;

F.    Award W&F its full costs and reasonable attorney's fees;

G.    Grant W&F all other remedies, economic and otherwise, to which it may be entitled pursuant to 15 U.S.C. §§ 1116, 1117 and 1125;

H.    Grant such other relief as this Court deems just and proper.

Respectfully submitted,

HONIGMAN MILLER SCHWARTZ AND COHN LLP
Attorneys for Plaintiff


By: /s/ Nicholas B. Gorga (P72297)
    Nicholas B. Gorga (P72297)
    Roger P. Meyers (P73255)
    Andrew M. Pauwels (P79167)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226-3506
(313) 465-7640
ngorga@honigman.com

Dated: September 18, 2015

ACTIVE.19059226.1

## JURY DEMAND

Plaintiff Wright & Filippis, Inc., by its attorneys Honigman Miller Schwartz and Cohn

LLP, hereby demands a trial by jury of all issues so triable in this matter.

Respectfully submitted,

HONIGMAN MILLER SCHWARTZ AND COHN LLP
Attorneys for Plaintiff

By: /s/ Nicholas B. Gorga (P72297)
    Nicholas B. Gorga (P72297)
    Roger P. Meyers (P73255)
    Andrew M. Pauwels (P79167)
    2290 First National Building
    660 Woodward Avenue
    Detroit, MI 48226-3506
    (313) 465-7640
Dated: September 18, 2015    ngorga@honigman.com

Received for Filing Oakland County Clerk 2015 SEP 18 PM 03:18

16

Received for Filing Oakland County Clerk 2015 SEP 18 PM 03:18

# Exhibit 1

Received for Filing Oakland County Clerk 2015 SEP 18 PM 03:18

| | |
|---|---|
| **Registration Date** | February 27, 2007 |
| **Owner** | (REGISTRANT) Wright & Filippis, Inc. CORPORATION MICHIGAN 2845 Crooks Road Rochester Hills MICHIGAN 48309 |
| **Attorney of Record** | Robert J. Pineau |
| **Type of Mark** | SERVICE MARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). |
| **Live/Dead Indicator** | LIVE |

TESS HOME   NEW USER   STRUCTURED   FREE FORM   BROWSE DICT   SEARCH OG   TOP   HELP

|.HOME | SITE INDEX| SEARCH | eBUSINESS | HELP | PRIVACY POLICY

EXHIBIT B

# STATE OF MICHIGAN

## IN THE CIRCUIT FOR THE COUNTY OF OAKLAND

WRIGHT & FILIPPIS, INC.,

                Plaintiff,                        Case No. 15-149203-CB

v.

                                                Hon. Wendy Potts

LINCARE INC.,

                Defendant.

_____/


## <u>NOTICE OF FILING NOTICE OF REMOVAL</u>

TO:     CLERK OF THE COURT
          COUNSEL OF RECORD

         **PLEASE TAKE NOTICE** that on the 12th day of October, 2015, a copy of the Notice of Removal attached hereto was electronically filed with the United States District Court, Eastern District of Michigan, Southern Division.


                                       Respectfully submitted,

                                        /s/Brett Gelbord_____
                                        MATTHEW J. LUND (P48632)
                                        BRETT GELBORD (P79312)
                                        PEPPER HAMILTON LLP
                                        4000 Town Center, Suite 1800
                                        Southfield, MI  48075
                                        248.359.7300
                                        *lundm@pepperlaw.com*
                                        *gelbordb@pepperlaw.com*

Dated:  October 12, 2015                     *Attorneys for Defendant Lincare Inc.*

**STATE OF MICHIGAN**

**IN THE CIRCUIT FOR THE COUNTY OF OAKLAND**

WRIGHT & FILIPPIS, INC.,

        Plaintiff,                    Case No. 15-149203-CB

v.                                   Hon. Wendy Potts

LINCARE INC.,

        Defendant.

_____/

**CERTIFICATE OF SERVICE**

        I hereby certify that on the 12th day of October, 2015, a copy of the foregoing Notice of Filing Notice of Removal and this Certificate of Service were filed electronically with the Oakland County Circuit Court, and notice will be sent by operation of the Court's electronic filing system to all ECF participants, and notice will be sent via U.S. Mail, postage prepaid, to:

        Nicholas B. Gorga
        Honigman Miller Schwartz and Cohn LLP
        2290 First National Building
        660 Woodward Avenue
        Detroit, MI  48226

                    Respectfully submitted,

                    /s/Brett Gelbord
                    MATTHEW J. LUND (P48632)
                    BRETT GELBORD (P79312)
                    PEPPER HAMILTON LLP
                    4000 Town Center, Suite 1800
                    Southfield, MI  48075
                    248.359.7300
                    *lundm@pepperlaw.com*
                    *gelbordb@pepperlaw.com*

                    *Attorneys for Defendant Lincare Inc.*

#35890636 v1 (999938.30031)

-2-